UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SERENA OWEN,

      Plaintiff,

  v.

UNITED WAY OF GREATER
CINCINNATI
      Defendant.

Case No. 1:19-cv-825
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause is before the Court on Plaintiff Serena Owen's Motion for Recusal (Doc. 29), in which she moves the undersigned Judge and Magistrate Judge Bowman, who mediated in this matter at the Court's request, to recuse themselves. For the reasons set forth below, the Court **DENIES** Owen's Motion (Doc. 29).

## BACKGROUND

At this point in these proceedings, Owen is appearing pro se. Her previous attorneys moved to withdraw (Doc. 20) after Owen sought to extricate herself from the settlement that the parties allegedly reached at a November 22, 2020, mediation in this matter. Beginning even before her attorneys moved to withdraw (*see* Doc. 19), and continuing since (*see* Docs. 22, 27 and 28), Owen has filed multiple motions under Fed. R. Civ. P. 60(b) seeking to vitiate the alleged settlement and to reinstate her suit. Defendant, by contrast, has moved to enforce what it claims is a valid and binding settlement of this matter. (*See* Doc. 26).

The Court has endeavored to set the matter for a status conference on multiple occasions, both to discuss the outstanding motions, and to determine an appropriate path forward for resolving the remaining disputed issues among the parties. To date, Owen has failed to appear for those status conferences, despite the Court providing her repeated notice, both by email and voicemail.

The Court entered its first Order setting a status conference on January 21, 2021. Because the Court was also granting the motion for Owen's attorneys to withdraw, the Court set the matter out to February 22, 2021, to provide Owen time to identify new attorneys if she wished. The Court also stayed consideration of any of the then-pending motions.

Owen did not appear for the scheduled status conference. Instead, that day Owen filed the Motion to Recuse that is the subject of this Order. In that Motion, she claims that the Court (including both the Judge and the Magistrate Judge) had taken several detrimental actions directed at her. Her principal concerns appear to be: (1) that she was ordered to participate in a mediation that ended up occurring a day after a family member had passed away from COVID-19; (2) that the mediation seemed coercive to her; (3) that her disabilities allegedly were not accommodated during the mediation; (4) that the Court entered a conditional dismissal after the mediation predicated on the parties' representation that they had settled the matter; (5) that the Court entered the conditional dismissal before the settlement agreement was fully executed; and (6) that the Court had not yet ruled on her first Rule 60(b) motion for relief from judgment at the time she filed the Motion to Recuse. (*See* Doc.

29). Nowhere in her motion does she allege that the Court has any financial interest at issue in this case, nor any personal or professional relationship with either party.

Because Owen declined to appear for the February 22, 2021, status conference, the Court reset the status conference for March 11, 2021. That morning, Owen contacted the Court and asked the Court to vacate and reset the status conference, as she represented that she could not attend at the scheduled time due to a conflict. The Court then set the matter over for a status conference on April 14, 2021, and urged Owen to secure counsel.

Five days later, on March 16, 2021, Owen filed a separate lawsuit, naming the undersigned Judge, Magistrate Judge Bowman, Owen's former counsel, and the defendant in the instant action, as defendants. (*See* Case No. 1:21-cv-179, Compl., Doc. 1, #3–5). Per Southern District of Ohio procedures, that matter was assigned to a Judge from another District, here Chief Judge Reeves of the Eastern District of Kentucky. On April 7, 2021, Chief Judge Reeves dismissed that lawsuit with prejudice as against the undersigned Judge and Magistrate Judge Bowman, finding that Owen's claims were frivolous, largely on judicial immunity grounds. (Case No. 1:21-cv-179, Doc. 13, #40).

This Court then held the previously scheduled status conference on April 14, 2021. Owen again elected not to appear for that telephonic conference.

**LAW AND ANALYSIS**

Federal statutes require judges to recuse themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This includes, for example, any proceeding in which the judge "has a personal bias or prejudice concerning a party," any case in which the judge or the judge's immediate family has a financial stake in the outcome, and various other defined categories. *See* 28 U.S.C. § 455(b). In short, the phrase "might reasonably be questioned," is a "catchall" phrase that "cover[s] both 'interest or relationship' and 'bias or prejudice' grounds," and the evaluation is to be made "on an *objective* basis." *Liteky v. United States*, 510 U.S. 540, 548 (1994).

In *Liteky*, the Supreme Court provided important guidance as to what that phrase entails. To start, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 (citing *United States v. Grinnell Corp.,* 384 U.S., 563, 583 (1966)). Appeal, not recusal, is the appropriate path when a party disputes the correctness of the judge's ruling. *Id.* "Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Measured against those standards, Owen has failed to point to any facts that would require recusal here. The concerns that she states in her Motion appear directed exclusively at the manner in which the Court has conducted the case. For example, she does not like the way in which the mediation was conducted, she does

4

not believe that the Court should have entered the conditional dismissal that the parties requested, and she believes that the Court should rule more promptly on her outstanding Rule 60(b) motions (despite her unwillingness to appear for status conferences to discuss those motions). But she does not point to any facts or events outside those "occurring in the course of the current proceedings or of prior proceedings," as the source of any alleged bias or partiality. Nor, it is important to note, is the Court aware of any such basis for believing that the Court may be biased or partial in this matter.

The only fact that gives the Court pause is Owen's separate suit naming the undersigned Judge as a defendant. She had not yet filed that suit at the time of her Motion to Recuse, so she does not address it there. But, given the suit's potential relevance to the recusal issue, the Court offers a few observations. First, as the Court noted on the record at the status conference on April 14, 2021, which Owen elected not to attend, the undersigned Judge does not bear any personal animosity toward Owen for initiating that suit. Litigants have every right to pursue legal recourse in a judicial forum if they believe such relief is warranted. As noted above, the Judge assigned to Owen's action has since dismissed the claims directed at the two judicial officers who Owen named as defendants, but this Court certainly does not begrudge her filing that suit.

In any event, courts, including the Sixth Circuit, have addressed whether recusal is required when a litigant files suit against a judge, and have concluded that the answer to that question is "no." *See, e.g., Flint v. MetLife Ins. Co. Conn.*, 460 F.

5

App'x 483, 486 (6th Cir. 2011) ("[T]he fact that Flint had previously sued Judge Heyburn did not require his recusal.") (citing *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) ("[T]he mere fact that Judge Hochberg may be one of the numerous federal judges that Azubuko has filed suit against is not sufficient to establish that her recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a)."). And that makes sense from a practical perspective. As the Seventh Circuit explained, "a per se rule of disqualification [under § 455(a)] would allow litigants to judge shop by filing a suit against the presiding judge." *Taylor*, 471 F.3d at 652.

Accordingly, the Court concludes that there is no basis warranting recusal here.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Owen's Motion to Recuse[1] (Doc. 29). The Court also again urges Owen to secure representation in this matter.

**SO ORDERED.**

April 15, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[1] As to Magistrate Judge Bowman, the Court **DENIES** the Motion on a separate ground. The Court referred the matter to Magistrate Judge Bowman solely for her to act as a mediator. She is not otherwise assigned to act as a judicial officer on the matter. As the Magistrate Judge's assigned role has now ended, she cannot "recuse" herself from the matter.