# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SERENA OWEN,

      Plaintiff,

  v.

UNITED WAY OF GREATER
CINCINNATI,
      Defendant.

Case No. 1:19-cv-825

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This case is before the Court on various motions that Plaintiff Serena Owen ("Owen") filed in a pro se capacity beginning before, and continuing after, her attorneys withdrew in this matter. (Docs. 19, 22, 27, 28). Through those motions, Owen seeks relief from the judgment in this case, arguing that the Court should revoke the settlement agreement the parties achieved at a mediation conducted by Magistrate Judge Bowman. The Defendant, United Way of Greater Cincinnati ("United Way"), in addition to opposing Owen's motions, has also filed its own motion to enforce the settlement agreement (Doc. 26), along with two motions to seal exhibits to United Way's motion to enforce and to its response to Owen's 60(b) motion. (Docs. 23, 24). The time to respond to United Way's motions has long since passed, and Owen has not opposed any of them. Thus, these motions are before the Court, as well. For the reasons discussed below, the Court **DENIES** Owen's motions and **GRANTS** Defendant United Way's motion to enforce the settlement agreement. The Court also **DENIES** United Way's motions to seal as **MOOT**.

## BACKGROUND

Owen filed her complaint in this employment discrimination case on September 27, 2019. Approximately a year later, on August 25, 2020, this Court referred the matter to Magistrate Judge Bowman for a mediation. (Doc. 16). The Magistrate Judge held that mediation on November 23, 2020. Owen, her counsel, a representative from United Way, and United Way's counsel all appeared for the mediation. On November 24, 2020, the Magistrate Judge put on a minute entry saying that the matter had resolved at the mediation and noting that the parties agreed to a thirty-day conditional dismissal to allow them to execute formal settlement papers. Accordingly, that same day, this Court entered an Order dismissing the action with prejudice, but providing that any party, within thirty days "and upon good cause shown," could seek to reopen the action if the settlement was not consummated. (11/24/20 Order, Doc. 18).

On December 15, 2020, Owen apparently contacted the Magistrate Judge on a pro se basis (although she was still represented by counsel at that time) saying she wished to withdraw from the settlement, but neither she nor counsel filed any motion to that effect. (*See* Motion to Withdraw, Doc. 20, #146 (recounting history of matter)). On December 29, 2020, Serena Owen filed a pro se motion for relief from the Court's Order dismissing the case. (First Motion for Relief, Doc. 19). The next day her counsel filed a motion to withdraw. (Doc. 20). In that motion, counsel noted that Owen claimed counsel had made a "Death Threat" against her for trying to withdraw from the settlement. (*Id.*, #146). While denying they had made any such threat, counsel noted that, in light of her allegations, as well as her insistence that counsel take steps

that counsel considered "contrary to law," (*id.*), counsel felt an ethical obligation to withdraw (*id.* at #148).

At this Court's request, the Magistrate Judge attempted to hold a follow-up mediation before the Court ruled on the Motion to Withdraw. On January 4, 2021, the Magistrate Judge set that follow-up mediation for January 13, 2021. Two days in advance of that follow-up mediation, however, on January 11, 2021, Owen filed a second motion for relief from judgment (Doc. 22). On January 12, 2021, Defendant United Way filed a motion to enforce the settlement agreement. (Doc. 26). It also responded to Owen's first motion for relief from judgment. (Doc. 25). United Way also filed two motions, one seeking to seal exhibits to its response to Owen's motion, and the other seeking to seal exhibits attached to its motion to enforce. (Docs. 23, 24).

On the appointed date, United Way and Owen's counsel appeared. Owen herself, however, did not appear. Instead, approximately a week later, on January 20, 2021, she filed a new motion, again seeking relief from judgment, but also now requesting time to secure new counsel. (Doc. 27). Given her apparent acquiescence in her counsel's withdrawal, the next day this Court granted counsel's motion to withdraw, and stayed further consideration of all other pending motions for thirty days to allow Owen to secure counsel. (1/21/21 Notation Order). In that same Order, the Court also set the matter for a status conference on February 22, 2021. (*Id.*).

Approximately a week later, Owen filed yet another motion for relief from judgment. (Doc. 28). That one was captioned "Motion for Relief of Judgment/Order so I can obtain counsel and go to court." (*Id.*).

3

On February 22, 2021, the Court held the scheduled status conference. Counsel for defendant appeared, but Owen did not. Nor did she contact chambers. Reluctant to move forward without her present on the call, the Court reset the status conference for March 11, 2021. (2/22/21 Minute Entry). Although Owen failed to appear at the status conference on February 22, she did file another motion that day—this time a motion to recuse. (Doc. 29).

The morning of March 11, the date set for the rescheduled status conference, Owen contacted the Court and said she would not be able to appear because of a family medical emergency. The Court again reset the status conference, this time for April 14, 2021, and urged Owen to secure new counsel in advance of that date.

Approximately a week later, Owen sued the undersigned Judge and the Magistrate Judge who conducted the mediation in a separate pro se action in this Court. (*See* S.D. Ohio Case No. 1:21-cv-179). On April 7, 2021, the judge assigned to that matter dismissed the undersigned Judge and Magistrate Judge Bowman with prejudice, largely on judicial immunity grounds.

On April 14, 2021, the Court once again attempted to hold the rescheduled status conference. Despite multiple attempts to contact her by email and telephone, Owen did not appear. The Court reset the status conference yet again, but noted in its Minute Entry (which was mailed and emailed to Owen) that if Owen failed to appear, either personally or through counsel, the Court would move forward on the pending motions. The Court also expressly noted that if Owen failed to appear, the Court may deny her motions on grounds of failure to prosecute. In addition, the Court

again advised Owen to secure new counsel. Finally, the Court indicated that the follow-up status conference was set for April 23, 2021. The following day, April 15, 2021, the Court entered an Order denying the Motion to Recuse. (Doc. 32).

On April 23, 2021, Owen once again failed to appear at the status conference. Court personnel had attempted to contact Owen by email the day before, and by telephone message the day of, the status conference. Counsel for United Way did appear. Given Owen's serial refusal to appear, the Court indicated that it had no option other than to move forward with the pending motions, at least some of which—United Way's motion to enforce and motions to seal—remain unopposed.

## LAW AND ANALYSIS

### A. The Court Denies Owen's Pending Motions.

The Court starts with Owen's four motions that, although captioned in differing ways, are all properly treated as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). (Docs. 19, 22, 27, 28). Rule 60(b) provides that courts can provide relief from judgment if the movant can show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed R. Civ P. 60(b). The party seeking relief from judgment must "establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b)."

5

*Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir. 1993)). Not only that, but the movant also bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info–Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008). As described below, Owens has not carried that burden here. Moreover, her refusal to participate in this action provides a separate ground for denying her motions.

Importantly, the Court is not ruling on whether Owen *potentially could* have shown grounds for 60(b) relief, but only whether she, in fact, carried her burden here. On the latter issue, the record evidence, which is limited due to Owen's refusal to participate in much of the litigation process, does not demonstrate grounds for Rule 60(b) relief. To start, Owen is challenging a settlement agreement achieved at a mediation in which she personally appeared and was represented by counsel. At the time that the parties achieved a settlement, and for at least some time thereafter, it appeared as though Owen consented to the settlement. In fact, at the end of the mediation, her own counsel, opposing counsel, and the Magistrate Judge all understood that Owen was voluntarily agreeing to the settlement.

Owen now suggests that all these people were mistaken, however, because they failed to notice that her mental and emotional condition on the day of the mediation prevented her from fully participating in the process. But proving that she was suffering from a mental or emotional disturbance that was so severe as to overcome her own judgment, and thus serve to vitiate her participation in the settlement process, is tall order that would require substantial evidence. On that front, she has

6

provided a short letter from a family therapist who states that, on the day of the mediation, Owen "was trying to process her recent loss [of a family member] and therefore was not mentally or emotionally prepared for the mediation hearing." (Doc. 19, #144). While that opinion could perhaps help Owen meet her burden, United Way would be entitled to challenge the basis for the opinion, as well as the expertise of the person providing it, which United Way cannot do as Owen refuses to participate in this action. Accordingly, at this point, the record contains only an unsworn (and unauthenticated) letter allegedly from a family therapist, coupled with Owen's own, self-serving, unsworn statements to the same effect. The Court concludes that is insufficient evidence—indeed, at least some of it may not be "evidence" at all—especially given the high hurdle that a movant must clear for the relief that Owen requests here.

Moreover, not only has Owen's refusal to participate in this matter contributed to the paucity of the evidentiary record, but that refusal also provides an independent basis to deny her motions. Parties cannot simply decline to participate in the litigation process. Indeed, her ongoing refusal to cooperate in the consideration of her motion here is akin to a failure to prosecute, which is grounds for dismissal. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999) ("Where a plaintiff … is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'" (citation omitted)). Owen has failed to show for multiple status conferences at which the Court intended to discuss a path forward for resolving her motions (as well as the

7

motions from United Way). Her conduct is thus a separate basis for denying her requested relief. *See, e.g., Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008) (affirming a district court's dismissal of an action for failure to prosecute when the plaintiff failed to appear at a settlement conference and a status conference and when the trial court warned that involuntary dismissal was a potential sanction).

For both of these reasons, the Court **DENIES** Owen's pending motions for relief from judgment. (Docs, 19, 22, 27, 28).

**B.     The Court Grants United Way's Motions.**

Separately, United Way has moved to enforce the settlement agreement to which Owen has declined to respond. The Court concludes that the motion is well-taken on the merits. Moreover, Owen's failure to respond means she has waived any arguments she could have made. For both of those reasons, the Court **GRANTS** that motion. (Doc. 26).[1]

An oral settlement agreement is enforceable so long as there was a meeting of the minds concerning the essential terms, namely, the waiver of liability and the price of settlement. *Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) (applying Ohio law). Owen does not dispute that she reached an agreement as to these essential terms, but rather suggests only that the Magistrate Judge exerted undue pressure and that Owen would have "never" agreed to certain extraneous terms in the agreement (like an ani-disparagement clause).

---

[1] Importantly, the Court has subject matter jurisdiction to grant the motion to enforce because the Court's dismissal order expressly retained jurisdiction over a motion to reopen the action if the parties did not consummate the settlement agreement. *See Moore v. United States Postal Service*, 369 F. App'x 712, 716 (6th Cir. 2010).

8

First, Owen's recitation of the Magistrate Judge's alleged "pressure" is insufficient to undermine the validity of the oral settlement agreement. "[C]oercion [of settlement] generally 'occurs when a judge threatens to penalize a party that refuses to settle.'" *Id.* at 462 (quoting *Gevas v. Ghosh,* 566 F.3d 717, 719 (7th Cir. 2009)). Owen alleges only that the Magistrate Judge seemed to be on "United Way's side" because the Magistrate indicated that "United Way's intentions were not to hurt [Owen]." (Doc. 29, #213). This is not the kind of judicial "threat" that can undermine an otherwise valid oral settlement agreement. As to Owen's dispute over certain additional terms in the settlement agreement, the record indicates that she did not oppose those terms at the time of settlement. Accordingly, she cannot now repudiate the settlement agreement simply because she no longer agrees with the previously agreed-to terms. *See Bostick Foundry Co. v. Lindberg*, 797 F. 2d 280, 283 (6th Cir. 1986).

Separately, even if Owen *could have* successfully opposed United Way's motion to enforce by producing evidence that would have undermined her settlement agreement with United Way, she did not actually do so here. When a party fails to raise an argument by way of responsive briefing, that argument is deemed waived and the court will not consider it. *See Bose v. Bea*, 947 F.3d 983, 993 (6th Cir. 2020) (holding that a plaintiff forfeited her arguments when she failed to raise them in response to the defendant's summary judgment motion). Here, Owen not only failed to raise certain arguments in response to United Way's motion to enforce, she declined to file any response at all. Accordingly, Owen has waived any arguments

9

that she could have made in opposition to United Way's motion to enforce. The Court, thus, **GRANTS** United Way's motion. (Doc. 26).[2]

## CONCLUSION

For the reasons above, the Court **DENIES** Owen's various motions for relief from judgment, (Docs. 19, 22, 27, 28), **GRANTS** United Way's Motion to Enforce Judgment, (Doc. 26), and **DENIES** United Way's Motions to Seal (Docs. 23 and 24) as **MOOT**.

**SO ORDERED.**

April 26, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Relatedly, United Way filed two motions to seal, one relating to exhibits to its motion to enforce (Doc. 23) and one concerning exhibits to its response to Owen's motion for relief from judgment (Doc. 24). United Way did not file any of the exhibits at issue, but rather provided them only to the Court for in-camera review pending disposition of its motions to seal. But the Court need not rule on those motions to seal, as the Court is deciding Owen's motions for relief from judgment and United Way's motion to enforce, without regard to any of the sealed documents. Accordingly, the Court concludes that the motions to seal are **MOOT**, and the Court **DENIES** them on that ground.

10